This is an appeal from the judgment of the Pickaway County Court of Common Pleas, which granted summary judgment in favor of Defendant-Appellee Foxfire Golf Club, Inc. On appeal, Plaintiff- Appellant Virginia Allen argues that genuine issues of material fact exist regarding the negligence of each of the parties. We agree and reverse the judgment of the trial court.
 STATEMENT OF THE CASE
On August 5, 1997, appellant Virginia Allen attended a golf outing sponsored by her employer at the golf club owned and operated by appellee. The outing consisted of a round of golf, followed by a buffet dinner. While appellant was a regular golfer, she was unfamiliar with this particular course and its grounds.
Following the round of golf, appellant returned her clubs to her car and attended the banquet in the clubhouse. After the banquet, appellant left the clubhouse by a different exit, following several other guests to the parking lot. Appellant was injured when she tripped and fell over a golf shoe cleaner, or cleat cleaner, which was imbedded in the sidewalk. Appellant sued the appellee, alleging that the placement of the cleat cleaner created a hazardous condition which was the proximate cause of her injury.
Appellee filed a motion for summary judgment, pursuant to Civ.R. 56. On May 14, 1999, the trial court granted appellee's motion for summary judgment. The appellant filed her timely appeal, raising three assignments of error:
 1. THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT TO THE DEFENDANT-APPELLEE, FINDING THAT THERE IS NO GENUINE ISSUE OF MATERIAL FACT ON THE ISSUE OF COMPARATIVE NEGLIGENCE, AS THIS IS A FACTUAL ISSUE PROPERLY SUBMITTED TO A JURY, AND THE DEFENDANT-APPELLEE IS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW.
 2. THE TRIAL COURT ERRED WHEN IT FAILED TO FOLLOW THE DECISION OF THE SUPREME COURT OF OHIO IN TEXLER v. D.O. SUMMERS CLEANERS SHIRT LAUNDRY CO., WHICH HELD THAT THE QUESTION OF WHETHER THE CONTRIBUTORY NEGLIGENCE OF A PLAINTIFF IS THE PROXIMATE CAUSE OF AN INJURY RESULTING FROM TRIPPING OVER AN OBSTACLE ON A SIDEWALK IS A JURY ISSUE PURSUANT TO OHIO'S COMPARATIVE NEGLIGENCE STATUTE.
 3. THE TRIAL COURT ERRED WHEN IT HELD, AS MATTER OF LAW, THAT THE DEFENDANT-APPELLEE COULD NOT BE FIFTY PERCENT NEGLIGENT FOR DECIDING TO PLACE CLEAT CLEANERS, WITH NO BARRIER OR OTHER WARNING, DIRECTLY IN A WALKWAY WHERE GROUPS OF ITS BUSINESS PATRONS WOULD BE EXITING FROM THE DINING ROOM AND CLUBHOUSE.
Appellant does not present separate arguments in support of each assignment of error. Ordinarily, we may disregard any assignment of error the appellant fails to argue separately. App.R. 12 (A) (2). Appellant's assignments of error, however, all raise essentially the same issue, i.e. whether genuine issues of material fact exist regarding the allocation of negligence between the parties. As a result, we shall consolidate the assignments of error for purposes of analysis and decision.
 OPINION
Summary judgment is appropriate where there is no dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. Civ.R. 56 (C). We review summary judgment on the same standard and evidence as the trial court.Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,506 N.E.2d 212. Hence, on an appeal from the granting of summary judgment, our review is de novo. Grafton v. Ohio Edison Co.
(1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241, 245.
We must apply the same standard on appeal as is articulated in Civ.R. 56 to determine whether summary judgment was appropriate.Hounshell v. American States Ins. Co. (1981), 67 Ohio St.2d 427,433, 424 N.E.2d 311, 315. Under Civ.R. 56, summary judgment is appropriate only where the movant demonstrates that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Civ.R. 56 (C); Harless v. WillisDay Warehousing Co. (1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46,47.
Summary judgment should not be granted unless it appears from the evidence that "reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made." Civ.R. 56. Accordingly, an appellate court must independently review the record to determine if summary judgment was appropriate and it need not defer to the decision of the trial court. See Brown v.Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711,622 N.E.2d 1153, 1157.
In Texler v. D.O. Summers Cleaners Shirt Laundry Co. (1998),81 Ohio St.3d 677, 693 N.E.2d 271, the employees of a dry cleaner, on a sunny August Saturday, decided to ventilate the building by propping open a side door with a bucket of concrete blocks. The metal door, when fully opened, extended halfway across the sidewalk on that side of the building. Dorothy Texler, walking around the corner of the building, tripped over this bucket and fell, injuring herself. She sued the corporate owner of the dry cleaner for negligently causing her fall and injuries. At the close of the plaintiffs case, the defendant moved for a directed verdict under Civ.R. 50 (A). The trial court denied the motion, and the jury found in Texler's favor.
The court of appeals reversed, finding that the proximate cause of the accident was Texler's lack of concern for her own safety. Texler v. D.O. Summers Cleaners Shirt Laundry Co. (Nov. 27, 1996), Cuyahoga App. No. 69523, unreported, citing Raflo v.Losantiville Country Club (1973), 34 Ohio St.2d 1,295 N.E.2d 202, and Perry v. Eastgreen Realty Co. (1978), 53 Ohio St.2d 51,372 N.E.2d 335. In addition, the appellate court found that the only conclusion supported by the evidence was that Texler's negligence outweighed any negligence of the defendant-owner's employee. Id., citing Raflo; and Anderson v. Ruoff (1995),100 Ohio App.3d 601, 654 N.E.2d 449.
The Supreme Court of Ohio disagreed, holding that reasonable minds could differ as to the allocation of negligence. Texler v.D.O. Summers Cleaners Shirt Laundry Co., 81 Ohio St.3d at 681,693 N.E.2d at 274. The court held that the allocation of fault under Ohio's comparative negligence statute, R.C. 2315.19 (A) (1), is a question for the jury. Id.
In Texler, the trial court denied a motion for a directed verdict. Here we must review the grant of a motion for summary judgment. In both instances, the tests to be applied by the court are similar. "When a motion for a directed verdict is entered, what is being tested is a question of law; that is, the legal sufficiency of the evidence to take the case to the jury." Rutav. Breckenridge-Remy Co. (1982). 69 Ohio St.2d 66, 68,430 N.E.2d 935, 938.
A business owner must exercise ordinary care to prevent accidental injury to business invitees. Neal v. Pickaway Cty.Agricultural Soc. (Feb. 28, 1996), Pickaway App. No. 95CA7, unreported. However, this duty extends only to dangers not discernable by a reasonably prudent person. Presley v. Norwood
(1973), 36 Ohio St.2d 29, 303 N.E.2d 81. In granting the appellee's motion for summary judgment the trial court found a reasonably prudent person should expect to find cleat cleaners near a golf course. In addition, although the cleat cleaners in the case sub judice were located away from any building and were embedded in the concrete sidewalk, appellee had painted the cleat cleaners bright red. Hence, the trial court concluded that appellee was not responsible for appellant's failure to exercise due care for her own safety.
Trip-and-fall cases are legion, each turning on very small differences in the factual situation. In Helms v. AmericanLegion, Inc. (1966), 5 Ohio St.2d 60, 62, 213 N.E.2d 734, 737, the Supreme Court of Ohio held that no liability would accrue to the owner or occupier of private premises for minor imperfections which are commonly encountered and which are not unreasonably dangerous. This is commonly known as the "two-inch" rule. Some years later, the Supreme Court of Ohio modified the two-inch rule in Cash v. Cincinnati (1981), 66 Ohio St.2d 319,421 N.E.2d 1275, finding that even a shallow depression in a sidewalk may be considered hazardous if "attendant circumstances" are considered.
The court in Cash relied upon Grossnickle v. Germantown
(1965), 3 Ohio St.2d 96, 209 N.E.2d 442.Grossnickle held at paragraph two of the syllabus: "[a] pedestrian using a public sidewalk is under a duty to use care reasonably proportioned to the danger likely to be encountered but is not, as a matter of law, required to look constantly downward* * * * *."
To prevail in the case sub judice, appellant must show the existence of a duty, a breach of the duty, and an injury proximately resulting therefrom. Texler, 81 Ohio St.3d at 680,693 N.E.2d at 2740, citing Fed. Steel Wire Corp. v. RuhlinConstr. Co. (1989), 45 Ohio St.3d 171, 173, 543 N.E.2d 769, 772;Menifee v. Ohio Welding Products, Inc. (1984), 15 Ohio St.3d 75,77, 472 N.E.2d 707, 710; Di Gildo v. Caponi (1969), 18 Ohio St.2d 125,247 N.E.2d 732; and Feldman v. Howard (1967), 10 Ohio St.2d 189,226 N.E.2d 564. The existence of a duty derives from the forseeability of the injury. The test is "[w]hether a reasonably prudent person would have anticipated that an injury was likely to result from the performance or nonperformance of an act."Menifee, 15 Ohio St.3d at 77, 472 N.E.2d at 710.
Appellee owed a duty to appellant, a business invitee, to maintain its premises in a reasonably safe condition and to warn her of unreasonably dangerous, latent or concealed perils. SeePaschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203,203-204, 480 N.E.2d 474, 475. However, appellee did not owe appellant a duty to warn her of open and obvious dangers on its premises. Id. at 203, 480 N.E.2d at 475.
Appellant argues that the cleat cleaners were not a foreseeable hazard because they were placed away from any building on a paved walkway leading to a parking lot. Even experienced golfers, she argues, expect cleat cleaners to be off to the side, with a rail for support, or mounted near a building. In addition, other people, leaving the clubhouse at the same time as she had, obstructed her view.
Appellee admits there is no requirement for a pedestrian to look down one hundred percent of the time, but argues the appellant should look down at least once every twenty to thirty feet to avoid hazards. There was no evidence that anyone had tripped over the cleat cleaners in the past. Nor was there evidence, argues appellee, that the placement of the cleat cleaners was unreasonably hazardous. More to the point, appellee argues, appellant's inattentiveness caused her fall. Hence, appellee concludes that appellant's negligence will always outweigh any negligence attributable to appellee.
We have reviewed several cases from other districts that were decided after Texler. In Hudak v. 510 Gypsy Lane, Inc. (Mar. 26, 1999), Trumbull App. No. 98-T-0 129, unreported, a one-inch rise in a sidewalk was not unreasonably dangerous. A half-inch high metal device for a door latch was a "trivial imperfection" in the floor in Tycast v. Maple Hts. Bd. of Edn. (Mar. 25, 1999) Cuyahoga App. No. 75304, unreported. A "gravelly" sidewalk is a minor defect. Pacey v. Penn Garden Apts. (Feb. 19, 1999), Montgomery App. No. 17370, unreported. Absent attendant circumstances, a half-inch deep depression in a shopping center parking lot is a minor defect. Neace v. Skilken Props., Inc.
(Oct. 2, 1998), Montgomery App. No. 16988, unreported. Nor, even if Texler is considered, is a single step in a dark walkway hazardous. See Wallace v. Geyer (Aug. 24, 1998), Butler App. CA98-04-089, unreported.
However, a walk-off mat installed one-quarter inch below floor level was found not to be an open and obvious hazard in Hayes v.Wendy's Internatl., Inc. (Feb. 16, 1999), Warren App. No. CA98-07-074, unreported. Nor were the hazards from a gray rubber molding at the edge of a brown carpet "open and obvious" to a distracted store patron in Lovejoy v. Sears, Roebuck Co. (June 19, 1998), Lucas App. L-98-1025, unreported. In both of these cases, the appellate court reversed summary judgments granted to the defendant business owners by the trial court.
Hayes and Lovejoy both cited Texler, as did Wehrle v. ABCSupply (Feb. 26, 1999), Hamilton App. No. C-980476, unreported. There, a patron of a lumber company tripped on an open drain in the store parking lot, partially hidden by a parked truck. The court of appeals found a "genuine issue of material fact as to whether the uncovered drain constituted an open and obvious condition." Similarly, in Flower v. K-Mart Corp. (Dec. 4, 1998), Hamilton App. No. C-97 1025, unreported, the plaintiff won reversal of a summary judgment entered against her, in her action for injuries suffered when she tripped on a half-inch depression in the store parking lot. Unlike Neace, the K-Mart store had erected a tent over the parking lot and distracted their patrons with a display of flowers for sale.
Applying Texler to the case sub judice, we find that reasonable minds could conclude that appellant's fall was caused by the unreasonably dangerous placement of the cleat cleaners, and not by appellant's inattentiveness. The cleat cleaner that appellant tripped over was embedded in the sidewalk, away from any building, and in the path of pedestrian traffic. When appellant fell, she was on her way to the parking lot, carrying a door prize, and talking with other guests from this golf outing. Considering these "attendant circumstances," we find that genuine issues of material fact exist concerning whether the location of the cleat cleaners was unreasonably dangerous, and whether appellant's negligence contributed to her fall.
Appellee urges us to consider that if appellant simply looked down every fifteen feet or so, she could have avoided the cleat cleaner in the sidewalk. Appellee concludes that since she failed to do so, it should not be liable for appellant's negligence. To arrive at this conclusion, we must necessarily weigh the consequences of appellant's failure to watch her step on an unfamiliar walkway against her reasonable expectation that the appellee would not place a five inch high obstacle in her path. In other words, we must compare her negligence with the negligence of the appellee in creating this possible hazard. Such a comparison is an issue best left for the trier of fact to resolve. Texler, supra.
For the reasons stated above, appellant's assignments of error are SUSTAINED. The judgment of the Pickaway County Court of Common Pleas is REVERSED, and the case is REMANDED for further proceedings consistent with this opinion.