**ANDERSON, Exr., Appellant,**

v.

**RUOFF; LUKENS, Appellee.**

[Cite as *Anderson v. Ruoff* (1995), 100 Ohio App.3d 601.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 94APE06–925.

Decided March 9, 1995.

*Steve J. Edwards,* for appellant.

*Plymale & Associates* and *Ronald E. Plymale,* for Russell Ruoff.

*Roetzel & Andress* and *Douglas O. Metz,* for appellee Sandra Lukens.

DEAN STRAUSBAUGH, Judge.

Plaintiff-appellant, Mary Anderson, appeals from a summary judgment rendered in the Franklin County Court of Common Pleas in favor of defendants, Sandra Lukens ("appellee") and Russell Ruoff. The trial court granted summary judgment upon concluding that neither Lukens nor Ruoff owed a duty to protect against the "open and obvious" hazard.

On appeal, appellant raises the following assignment of error:

"The trial court erred in granting summary judgment to Defendant Sandra Lukens."

■ Summary judgment is appropriate only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). After reviewing the evidence most strongly in favor of the nonmoving party, it must appear from the evidence that reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Civ.R. 56(C); *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

The relevant facts are essentially undisputed. Appellant's husband, Wayne Anderson, fell from a hayloft while purchasing alfalfa. He sustained injuries as a result and subsequently passed away. The accident occurred in a barn owned by Sandra Lukens and leased to Russell Ruoff for the storage and sale of alfalfa and hay.

On the day of his injury, Wayne visited the barn in order to make a purchase. Ruoff climbed up into the hayloft intending to throw a bale of alfalfa down to the barn floor for Wayne to inspect. Without being asked, however, Wayne followed Ruoff up the ladder into the hayloft. After looking at a bale of alfalfa in the loft, Wayne asked to see a bale of mixed hay. Ruoff walked to the back of the loft to retrieve a mixed bale. As Ruoff was returning to the front of the hayloft and walking toward Wayne, Wayne stumbled backwards and fell off the edge. Wayne sustained fatal injuries as a result, and this negligence action ensued.

Appellant brought suit in her individual capacity and as executor of Wayne's estate and named Ruoff and appellee Lukens as defendants. In her complaint, appellant alleged that Lukens and Ruoff were negligent in failing to place a guard around the edge of the hayloft or otherwise warn of its hazard. Thereafter, Lukens moved for summary judgment, claiming that the lack of guarding on the hayloft was open and obvious and that, consequently, there was no duty to warn of or guard against the open edge on the loft. The trial court granted summary judgment upon determining that Lukens and Ruoff did not owe a duty to warn or

guard because the hazard was as open and obvious to Wayne as it was to appellee and Ruoff.

In this appeal, appellant challenges the viability of the "open and obvious" doctrine given Ohio's adoption of comparative negligence in R.C. 2315.19. Specifically, appellant claims that the "open and obvious" rule cannot bar liability because it is incompatible with comparative negligence principles. We disagree and find the Ohio Supreme Court decision in *Simmers v. Bentley Constr. Co.* (1992), 64 Ohio St.3d 642, 597 N.E.2d 504, dispositive.

■ Contrary to appellant's contentions, the "open and obvious" doctrine is still good law. In *Simmers, supra,* the Ohio Supreme Court merely refused to extend the doctrine which relieves property owners from liability for harm resulting from open and obvious hazards to independent contractors who have no property interest in the premises. The Supreme Court clearly stated that its decision did "not put at issue the 'open and obvious' doctrine as applied to owners and occupiers of land." *Id.* at 644, 597 N.E.2d at 506, fn. 2.

■ Under the "open and obvious" doctrine, an owner or occupier of property owes no duty to warn invitees entering the property of open and obvious dangers on the property. *Sidle v. Humphrey* (1968), 13 Ohio St.2d 45, 42 O.O.2d 96, 233 N.E.2d 589, paragraph one of the syllabus. The rationale behind the doctrine is that the open and obvious nature of the hazard itself serves as a warning, and that the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves. *Simmers, supra,* 64 Ohio St.3d at 644, 597 N.E.2d at 506.

The question of comparative negligence is never reached if the court determines that a landowner owes no duty. The open and obvious doctrine, therefore, is not inconsistent with the comparative negligence principles set forth in R.C. 2315.19. Rather, the open and obvious doctrine is determinative of the threshold issue, the landowner's duty. In the absence of duty, there is no negligence to compare. Thus, "courts must carefully distinguish between a defendant's duty of care and a plaintiff's contributory negligence." *Simmers, supra,* at 644, 597 N.E.2d at 506, fn. 2.

In order to defeat summary judgment, appellant must demonstrate the following. Appellant, as plaintiff, must first show that a duty was owed Wayne by Lukens. Further, appellant must present evidence from which reasonable minds could conclude that the defendant breached that duty, such breach being the proximate cause of Wayne's injury. *Howard v. J.C. Penney Co., Inc.* (Nov. 3, 1994), Franklin App. Nos. 94APE04–469 and 94APE05–626, unreported, 1994 WL 612384.

■ It is undisputed that Wayne was a business invitee who entered the barn to purchase alfalfa and hay. Lukens therefore had a duty to exercise ordinary care with respect to his safety. *Presley v. Norwood* (1973), 36 Ohio St.2d 29, 31, 65 O.O.2d 129, 130, 303 N.E.2d 81, 83; *Baldauf v. Kent State Univ.* (1988), 49 Ohio App.3d 46, 47–48, 550 N.E.2d 517, 518–520.

■ The duty of ordinary care imposes on appellee the responsibility of keeping the premises free from dangers not discernible by a reasonably prudent person and to warn invitees of concealed dangers of which appellee knows or should know. *Baldauf, supra,* at 48, 550 N.E.2d at 519–520. The duty of ordinary care does not, however, impose a responsibility to protect against dangers that are so obvious and apparent that the invitee may reasonably be expected to discover them and protect against them. *Sidle, supra,* at paragraph one of the syllabus; *Simmers, supra,* at 644, 597 N.E.2d at 506.

■ Here, the open and obvious issue is not a question for the jury to decide. It is obvious that a hayloft is unguarded. Appellant's expert even testified to the obviousness of the hazard. The danger inherent in the hayloft was clearly open and obvious, and reasonable minds could come only to this conclusion.

Having already determined that the open and obvious doctrine still applies to owners and occupiers, this court finds that appellant failed to make the threshold showing that appellee owed a duty to place guarding around the edge of the loft or warn of its absence. Appellee therefore is entitled to judgment as a matter of law.

Appellant argues, in the alternative, that this court should adopt the Restatement of the Law 2d, Torts (1965), 215–222 and 250–253, Sections 343, 343A and 360, and find appellee liable pursuant to these provisions. Their adoption here, however, would effectively undermine the viability of the open and obvious doctrine. We decline to do that.

■ Finally, appellant claims various OSHA violations support her claim of negligence. As the trial court properly found, however, OSHA standards relate only to employers and do not provide a private cause of action for third parties. See *State ex rel. Goodyear Tire & Rubber Co. v. Tracey* (1990), 66 Ohio App.3d 71, 76, 583 N.E.2d 426, 429. Accordingly, OSHA regulations and standards have no application here.

Appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

TYACK and CLOSE, JJ., concur.

DEAN STRAUSBAUGH, J., retired, of the Tenth Appellate District, sitting by assignment.