OPINION
Appellant, James F. McKay, appeals from a judgment entry of the Franklin County Court of Common Pleas, denying his partial summary judgment motion and granting the summary judgment motion of appellees, 840 Lounge, Inc., and Jane F. Kossen.
Appellant filed a complaint on July 16, 1998, alleging that appellees were negligent for failing to remove a foreseeable hazard from their premises and asserting a claim for loss of consortium on behalf of M. Helen McKay, appellant's ex-wife. Both parties filed summary judgment motions. The trial court issued a decision on June 28, 1999, granting appellees' summary judgment motion and denying appellant's partial summary judgment motion. The trial court granted summary judgment on the loss of consortium claim because appellant and M. Helen McKay were not married on the date of the accident, and the trial court granted summary judgment on the negligence claim because it concluded that appellees owed no duty to protect against an open and obvious condition. Appellant filed a timely notice of appeal.
On appeal, appellant raises one assignment of error:
 With sufficient evidence of record to place at issue whether Appellant suffered injuries from a fall at Appellees' business premises as a proximate result of Appellees' negligence, the trial court erred by finding otherwise and sustaining Appellees' motion for summary judgment.
Appellant was employed by appellees as a janitor and part-time bartender since 1991. Appellant had previously been a regular customer of appellees' business since 1989. On August 6, 1996, appellant worked from 6:00 a.m. until between 10:00 a.m. and 11:00 a.m. approximately, and then he became a customer until 11:00 p.m. that evening. During the course of the evening, appellant consumed at least eighteen beers and became intoxicated. Appellant exited the bar through a side door leading to the parking lot. Three stairs lead from the side door of the bar to a ground level landing. Once at the landing, an individual must turn left to enter the parking lot or continue forward down more stairs to reach the basement. That night, appellant made it down the first three stairs to the landing but, rather than turning left into the parking lot, he continued forward and fell down the stairs to the basement. Appellant acknowledges that he was familiar with the stairwell and landing, and that he used that exit frequently since becoming an employee in 1991. Appellant indicated that he was not pushed and did not trip over anything on the stairs. Appellant testified at his deposition that he believed that he tripped over his feet and that he probably fell because he was intoxicated.
In appellant's single assignment of error, he argues that the trial court erred by granting appellees' summary judgment motion because a factual dispute remains as to whether appellees breached a duty to invitees by allowing an unguarded stairwell to exist on the premises. We disagree.
An appellate court reviews a trial court's grant of summary judgment independently and without deference to the trial court's determination. Brown v. Scioto Cty. Bd. of Commrs.
(1993), 87 Ohio App.3d 704, 711. An appellate court applies the same standard as the trial court in reviewing a trial court's disposition of a summary judgment motion. Maust v. Bank OneColumbus, N.A. (1992), 83 Ohio App.3d 103, 107. Before summary judgment can be granted under Civ.R. 56(C), the trial court must determine that:
 *** (1) [N]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. ***
State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511
(citing Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327). Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the nonmoving party. Murphy v. Reynoldsburg
(1992), 65 Ohio St.3d 356, 358-359.
This court delineated the elements of negligence inMalone v. Miami Univ. (1993), 89 Ohio App.3d 527, 529: "To establish a cause of action in negligence, appellant must show a duty, a breach of that duty and damage or injury as a proximate result of the breach." Whether a duty exists is a question of law for the court, and there is no express formula for ascertaining the existence of a duty. Id. at 530, citing Mussivand v. David
(1989), 45 Ohio St.3d 314, 318. Business invitees are owed a duty of ordinary care by merchants in maintaining their places of business in a reasonably safe condition so that customers are not exposed unnecessarily and unreasonably to danger. Paschal v. RiteAid Pharmacy, Inc. (1985), 18 Ohio St.3d 203. However, a merchant is not an insurer of a customer's safety. Id. The Supreme Court of Ohio has held that "[a]n occupier of premises is under no duty to protect a business invitee against dangers which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them." Sidle v. Humphrey (1968), 13 Ohio St.2d 45, paragraph one of the syllabus.
Here, there is no genuine issue as to any material fact remaining. Although appellant argues that there is a "disputed characterization of essentially agreed facts," the facts at issue are clear. Appellant's work shift had ended and, as a customer, was a business invitee at the time of the fall. He had been drinking for approximately twelve hours and was intoxicated at the time he decided to leave the bar. Appellant was fully aware of the stairs leading to the basement, because he used that exit frequently in his seven years as an employee of the bar.
The trial court concluded that appellees owed appellant no duty since the unguarded stairwell was an open and obvious condition. Appellant argues that the trial court misapplied the "open and obvious" doctrine, and he asserts that a genuine issue of fact remains whether appellees breached their duty to business invitees. However, we agree with the trial court's conclusion that appellees owed no duty to appellant because the unguarded stairwell was an open and obvious condition of which appellant was fully aware.
In Anderson v. Ruoff (1995), 100 Ohio App.3d 601, 604, this court indicated that the "open and obvious" doctrine as applied to owners and occupiers of land is still good law in Ohio. Additionally, this court noted that the issue of whether a condition is open and obvious is not a factual question for the jury to decide. Id. at 605. In Anderson, this court concluded that an unguarded hayloft was an open and obvious condition, so the landowner had no duty to warn invitees of it. Id. Similarly, in Prest v. Delta Delta Delta Sorority (1996), 115 Ohio App.3d 712,715, this court held that the edge of a roof forty feet above the ground was an open and obvious danger of which there was no duty to warn. Additionally, this court stated that "[o]ne cannot, by means of voluntary intoxication or by custom, defeat the duty owed by the owner or tenant of a premises to an invitee of an open and obvious danger." Id. at 716. The unguarded stairwell at issue here is no less open or obvious than the unguarded hayloft in Anderson, or the edge of the roof in Prest.
Appellant's reliance on Simmers v. Bentley Constr. Co.
(1992), 64 Ohio St.3d 642, 645, is misplaced in that the Supreme Court of Ohio reaffirmed the application of the "open and obvious" doctrine to owners and occupiers of land, but declined to extend it to independent contractors who create dangerous conditions on real property. Here, it is undisputed that appellees are the owners and occupiers of the property where appellant fell and, as such, the "open and obvious" doctrine applies to them.
Because we conclude that there was no duty, we need not reach the issue of whether the duty was breached, as asserted by appellant, or whether appellant was injured as a proximate result of a breach. We find that there is no genuine issue of material fact remaining, that appellees are entitled to judgment as a matter of law, and that, viewing the evidence most strongly in favor of appellant, reasonable minds can come to but one conclusion that is adverse to appellant. Therefore, the trial court did not err in granting appellees' summary judgment motion. Appellant's single assignment of error is overruled.
Based upon the foregoing, appellant's single assignment of error is overruled, and the judgment entry of the trial court is affirmed.
Judgment affirmed.
BROWN and TYACK, JJ., concur.