OPINION
This is an appeal from a judgment of the Franklin County Court of Common Pleas which granted summary judgment in favor of defendants, David. P. Amorose and Clement Amorose. Plaintiff, Sandra Howson, appeals that judgment and sets forth the following assignment of error:
 The trial court erred as a matter of law in finding that there was no genuine issue of material fact as to whether the hazard created by a water-covered pothole was open and obvious.
On November 19, 1998, plaintiff filed a complaint in the Franklin County Court of Common Pleas in which she alleged that on June 30, 1998, she fell and injured herself while riding a bicycle in the parking lot of an apartment complex in which she resided and which was owned by defendants. Plaintiff maintained that the fall and resulting injury were caused by a defective condition, i.e., a water-filled pothole in the parking lot and that defendants had breached their duty of reasonable care in failing to protect her, a tenant, from an unreasonable danger. Defendants filed an answer on December 7, 1998.
On May 3, 1999, defendants filed a motion for summary judgment. In their motion, defendants acknowledged that they owed plaintiff a duty of reasonable care to protect her from unreasonable danger on the premises of the apartment complex. Nonetheless, defendants asserted that they were entitled to summary judgment because plaintiff knew of the existence of the pothole and, as such, it was an open and obvious condition that plaintiff could reasonably be expected to protect herself against. Defendants further argued that the mere fact that the pothole was filled with water on the day of her accident did not transform the known, open and obvious condition into a latent or hidden defect for which legal liability could be assessed. For these reasons, defendants contended that the court should determine as a matter of law that no duty was owed to plaintiff. Defendants filed the deposition of plaintiff in support of their motion for summary judgment.
In her memorandum in opposition to the motion for summary judgment, plaintiff claimed that the undisputed facts disclosed in her deposition and the affidavit attached to her memorandum in opposition created a genuine issue of material fact as to whether the water-filled pothole was an open and obvious condition at the time of plaintiff's accident. Thus, plaintiff urged that a question of fact with regard to defendants' alleged breach of duty existed for determination by a jury.
The undisputed facts of this case, as derived from the pleadings, the depositional testimony of plaintiff, and plaintiff's affidavit, are as follows: At approximately 11 a.m. on June 30, 1998, plaintiff was riding her bicycle through the parking lot of the apartment complex. Although it was not raining at the time, the pavement was wet. According to plaintiff, she was aware prior to June 30, 1998, that there were potholes "all over the place" in the parking lot. (Howson deposition at 18.) While riding her bicycle, plaintiff's front tire hit one of the potholes, causing her to fall and injure herself. She testified that the pothole she hit was approximately two and one-half inches deep. She could not see the pothole because it was filled with water and looked like the rest of the pavement surface. (Howson affidavit and deposition at 19.) She further testified that she would have seen the pothole had it not been filled with water (Howson deposition at 54) and had, in fact, previously noticed the pothole (Howson deposition at 24). On several prior occasions, she had seen potholes in the parking lot, including the one in which she fell, filled with water. (Howson deposition at 55.)
On November 3, 1999, the trial court granted defendants' motion for summary judgment finding that because plaintiff was aware of the existence of potholes in the parking lot and was also aware that it had rained a few days prior to the accident, the danger posed by the accumulation of water in the pothole was so open and obvious that plaintiff could be expected to notice it and protect herself from it.
By her assignment of error, plaintiff contends that the trial court erred in granting summary judgment in favor of defendants. Specifically, plaintiff contends that the trial court erred as a matter of law in finding that there was no genuine issue of material fact as to whether the hazard created by the water-filled pothole was open and obvious.
Civ.R. 56(C) provides, in relevant part, as follows:
 * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * *
Thus, summary judgment is appropriate only where the evidence before the court demonstrates that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion or summary judgment is made. Tokles Son, Inc. v. Midwestern Indemn. Co. (1992), 65 Ohio St.3d 621, 629, citing Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64,65-66.
"[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record * * * which demonstrate the absence of a genuine issue of material fact on a material element of the nonmoving party's claim."Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. Once the moving party meets the initial burden, the nonmoving party must then set forth specific facts showing that there is a genuine issue for trial. Id.
In reviewing a trial court's disposition of a summary judgment motion, an appellate court applies the same standard as that applied by the trial court. Maust v. Bank One Columbus, N.A. (1992), 83 Ohio App.3d 103,107. An appellate court reviews a summary judgment disposition independently and without deference to the trial court's determination.Brown v. Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711. Thus, in determining whether a trial court properly granted a summary judgment motion, an appellate court must review the standard for granting summary judgment set forth in Civ.R. 56, as well as the applicable law. Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously, with any doubts resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356,358-359.
In order to survive a properly supported motion for summary judgment in a negligence action, a plaintiff must establish that genuine issues of material fact remain as to whether: (1) the defendant owed the plaintiff a duty of care; (2) the defendant breached the duty of care; and (3) as a direct and proximate result of the defendant's breach, the plaintiff suffered injury. Texler v. D.O. Summers Cleaners Shirt Laundry Co.
(1998), 81 Ohio St.3d 677, 680. If a defendant points to evidence illustrating that the plaintiff will be unable to prove any one of the foregoing elements and if the plaintiff fails to respond as Civ.R. 56 provides, the defendant is entitled to judgment as a matter of law.Feichtner v. Cleveland (1994), 95 Ohio App.3d 388, 394.
A landlord owes a tenant the duty of ordinary care to keep portions of a leased premises that remain under the control of the landlord in a reasonably safe condition. See Davies v. Kelley (1925), 112 Ohio St. 122, paragraph one of the syllabus; R.C. 5321.04(A)(3)[1]. More recently, inShump v. First Continental-Robinwood Assoc. (1994), 71 Ohio St.3d 414,418, the Ohio Supreme Court discussed the legal duty that a landlord owes a tenant:
 The legal duty that a landlord owes a tenant is not determined by the common-law classifications of invitee, licensee, and a trespasser under the law of premises liability; instead, a landlord's liability to a tenant is determined by a landlord's common-law immunity from liability and any exceptions to that immunity that a court or a legislative body has created. * * * In point of fact, the exceptions nearly have swallowed up the general rule of landlord immunity. Some of the commonly accepted exceptions that give rise to landlord liability include the following: concealment or failure to disclose known, nonobvious latent defects, defective premises held open for public use; defective areas under the landlord's control; failure to perform a covenant to repair; breach of a statutory duty; and negligent performance of a contractual or statutory duty to repair. * * * [Fn. omitted; id. at 418.]
Although we recognize that the classifications of invitee, licensee and trespasser do not control in this matter as it involves a landlord-tenant relationship, we find that the trial court properly applied the open and obvious doctrine insofar as the landlord's duty to keep all common areas in a safe and sanitary condition is analogous to a premises owner's duty to a business invitee. It is well-settled law in Ohio that a landowner owes a duty to a business invitee to maintain the premises in a reasonably safe condition and to warn such invitee of any latent dangers. Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203. However, the owner has no duty to protect against dangers "* * * which are known to the invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them." Sidle v. Humphrey (1968), 13 Ohio St.2d 45, 48, paragraph one of the syllabus. The rationale behind the "open and obvious" doctrine is that "the open and obvious nature of the hazard itself serves as a warning, and that the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." Anderson v. Ruoff (1995),100 Ohio App.3d 601, 604, citing Simmers v. Bentley Constr. Co. (1992),64 Ohio St.3d 642, 644. "The determination of the existence and obviousness of a danger alleged to exist on a premises requires a review of the facts of a particular case." Miller v. Beer Barrel Saloon (May 24, 1991), Ottawa App. No. 90-OT-050, unreported. If there is no duty, the premises owner cannot be negligent. Anderson, supra.
In support of her contention that the trial court erred in granting defendants' motion for summary judgment, plaintiff relies on the Portage County Court of Appeals' decision in Smith v. K-Mart Discount Stores
(Sept. 30, 1992), Portage App. No. 92-P-0021, unreported. In that case, Smith was injured after falling in a water-covered pothole in K-Mart's parking lot. Smith's affidavit and deposition testimony revealed that prior to her fall, she noticed several puddles in the parking lot as she walked from her vehicle to the store's front door and tried to avoid stepping in those she observed. She failed to observe the pothole below a puddle into which she stepped, however, because the pothole was concealed by overlying water and she thought the water was just standing in a low area of the parking lot. The trial court granted summary judgment for K-Mart on grounds that Smith knew of the danger posed by the puddles and that her inability to determine the depth of a puddle was an attribute of danger which Smith should reasonably have been expected to protect herself against. Smith argued on appeal that the water-covered pothole into which she stepped was a latent or concealed peril and, therefore, K-Mart had a duty to warn her of the defect.
The appeals court reversed the trial court's grant of summary judgment, finding that because Smith could not detect the depth of the pothole because the overlying water made it appear as if it were a surface puddle, she could not reasonably be expected to appreciate the danger of the threatened harm. Accordingly, the court was unable to conclude that reasonable minds would only conclude that the hazard was known and obvious to Smith.
We find plaintiff's reliance on Smith to be misplaced. The plaintiff inSmith had no prior knowledge of the pothole in which she fell. By contrast, the facts as gleaned from plaintiff's deposition reveal that she was well aware of this particular pothole and of the fact that the potholes in the parking lot, including the one in which she fell, often filled with water.
We find the instant case to be similar to Sheppard v. KAP Realty (Aug. 12, 1999), Cuyahoga App. No. 75860, unreported. In that case, Sheppard injured herself after stepping into a hole in a parking lot owned by KAP. By her deposition, Sheppard testified that she had been aware of the hole in which she stepped for two years prior to her accident. She further testified that the parking lot was snow covered and that the snow obstructed her view of the hole. In an earlier statement to a KAP representative, however, Sheppard averred that the parking lot was clear of ice and snow. KAP's motion for summary judgment was granted by the trial court. The appeals court affirmed the trial court's judgment, finding:
 Here, Sheppard admitted that prior to the day in question, she was aware of the poor condition of the parking lot, and was traveling a route which she traversed four to five times a week. Further, in her deposition, she stated she had prior knowledge, since 1995 in fact, of the particular pothole in which she fell and exercised continuous efforts to avoid it. Although visibility was limited, and there is contradictory testimony concerning the condition of the weather, she offers little evidence to refute the fact that the pothole was open and obvious. Sheppard's preexisting knowledge of the pothole and its location negates any breach of duty on the part of KAP, as the open and obvious nature of the pothole relieves the proprietor of any duty to warn. Construing the evidence most strongly in Sheppard's favor, it cannot be said that reasonable minds could differ as to whether KAP had a duty to warn her about the pothole * * *.
In the instant case, plaintiff admitted that she was aware that the parking lot contained numerous potholes. She was familiar with the parking lot as she was a tenant of the building and frequently rode her bicycle around the parking lot. In her deposition, plaintiff stated that she had prior knowledge of the particular pothole in which she fell. She also stated that she was aware that the potholes, including the one in which she fell, filled with water. As in Sheppard, we find that because plaintiff had complete appreciation of the presence of the pothole, the allegedly unreasonable condition created by the overlying water was not a latent defect, but was an open and obvious hazard. According to Sidle,supra, the law does not impose a duty to warn upon the owner of the premises where the hazard is known to the invitee and is open and obvious. Consequently, defendants had no duty to warn plaintiff. The trial court's grant of summary judgment in favor of defendants was proper. Accordingly, plaintiff's assignment of error is overruled.
Having overruled plaintiff's assignment of error, this court hereby affirms the judgment of the Franklin County Court of Common Pleas.
BRYANT J., concurs.
TYACK, J., dissents.
[1] R.C. 5321.04(A)(3) states that "[a] landlord who is a party to a rental agreement shall do all of the following: * * * (3) [k]eep all common areas of the premises in a safe and sanitary condition; * * *[.]"