OPINION
This matter comes before the court on appeal from the granting of the defendants' motions for summary judgment. Because these motions were properly granted, we overrule the plaintiffs' assignment of error and affirm the judgment of the Franklin County Court of Common Pleas. The following undisputed facts are set forth in the trial court's August 29, 2000 opinion.
 * * * On September 15, 1997, Defendant Ohio Harness Horse Breeders, Inc. was conducting a horse auction in the paddock area on the grounds of Defendant Scioto Downs. A white temporary fence was erected to separate the crowd from the aisle way where the horses were led to the auction block. The fence was supported by angular braces composed of two pieces of wood that extended approximately 2 1/2 to 3 feet from the base of the fence.
 Plaintiffs attended the horse auction that evening as they had in previous years. They walked around the barns looking at the horses that were to be auctioned and then entered the paddock area where the auction was to take place. Plaintiff Annalee Kirk walked up and stood within inches of the fence in order to watch the horses walk up to the auction ramp. While standing next to the fence, she filled out a coupon for a drawing that was to be held later. She then noticed another gentleman holding a coupon and decided to ask him where to deposit the coupon. As she stepped forward, she immediately tripped and fell over a brace supporting the fence causing injuries to her right elbow and upper right arm.
 Plaintiffs subsequently initiated this action asserting claims for negligence and loss of consortium. Defendants now move for summary judgment on the grounds that the fence that Plaintiff Annalee Krik tripped over was an open and obvious condition. Plaintiffs oppose the Motions on the grounds that genuine issues of material fact remain for trial as to whether the fence was a hidden or concealed defect. [Citations to record omitted.]
As noted, this matter was presented to the trial court for ruling upon the defendants' motions for summary judgment. At the close of a detailed opinion, the trial court concluded:
 * * * [T]he Court finds that the temporary fencing over which Plaintiff fell was an open and obvious condition thereby relieving Defendants of any duty to warn or alleviate. To reach that conclusion, one need only examine the photographs of the fence provided by Plaintiffs. Although Plaintiff Annalee Kirk contends that she only noticed the "high part" of the fence and not the braces supporting it, the photographs clearly show that even the braces are open and obvious.
* * *
 * * * [T]he undisputed facts clearly show that the brace was not a latent hazard. * * * Although her affidavit states that she was distracted by the crowd at the auction, she testified that at the time of her fall there was nobody around except for her husband and further that there was no one standing in front of her who would have prevented her from moving forward. Additionally, she testified that the lighting in the paddock area was "pretty good."
 However, the factor that the Court considers to be quite significant and one that distinguishes this matter from the cases cited by Plaintiffs is the fact that Plaintiff Annalee Kirk had stood by the fence for a minimum of one minute before her injury occurred. She testified that she walked up and stood within inches of the fence to observe the horses being led up to the auction block. * * *
 Although Plaintiff Annalee Krik contends that she noticed only the "high part" of the fence and not the braces supporting it, and therefore expected to be able to walk freely, the Court will again emphasize that the photographs provided by Plaintiffs clearly indicate that the braces are readily discernible and are not latent defects. * * * [Citations to record omitted.]
Challenging the trial court's ruling, plaintiffs raise the following assignment of error:
 The trial court erred in granting summary judgment for appellees because an issue of fact exists in this case as to whether the hazard over which appellant fell was open and obvious or whether it was a latent or hidden defect for which a duty to warn is placed upon appellee[s].
Although we have referred to the trial court's August 29, 2000 decision at some length, this court reviews the propriety of that decision without deference to the court's findings of fact or conclusions of law. MidwestSpecialties, Inc. v. Firestone Tire Rubber Co. (1988), 42 Ohio App.3d 6.
In order to affirm the trial court's grant of summary judgment to the defendants, we must be satisfied, construing the evidence most strongly in the plaintiffs' favor: (1) that the record presents no genuine issue of material fact; (2) that the defendants are entitled to judgment as a matter of law; and (3) that reasonable minds can only come to a conclusion adverse to the plaintiffs. Bostic v. Connor (1988),37 Ohio St.3d 144. Civ.R. 56(C) provides:
 * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *
The defendants in this case bear the initial burden of demonstrating that there are no genuine issues of material fact concerning the essential elements of the plaintiffs' case. In order to sustain this burden, defendants must:
 * * * point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment. * * * These evidentiary materials must show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. * * * [Dresher v. Burt (1996), 75 Ohio St.3d 280, 292.]
If the defendants fail to carry this burden, summary judgment must be denied. Succinctly, viewing all facts in a light most favorable to the plaintiffs, we must determine whether the evidence presents a sufficient disagreement to require submission of the plaintiffs' claims to a jury, or whether the evidence as applied to the relevant law is so one-sided that the defendants prevail as a matter of law.
A successful negligence action establishes three elements: (1) the defendant's duty; (2) a breach of that duty; and (3) that the plaintiff's injury proximately arose therefrom. Menifee v. Ohio Welding Products,Inc. (1984), 15 Ohio St.3d 75. There is no dispute that plaintiff Annalee Kirk was a business invitee. Accordingly, the defendants owed her a duty to maintain the auction grounds in a reasonably safe condition. Paschalv. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203, citing Campbell v.Hughes Provision Co. (1950), 153 Ohio St. 9. However, the defendants were not insurers of Ms. Kirk's safety, and were under no obligation to protect her from dangers which were known to her, or which were "open and obvious." Paschal, supra. See, also, S.S. Kresge Co. v. Fader (1927),116 Ohio St. 718.
The foundation of the "open and obvious" rule is that the nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will readily discover those dangers and take appropriate measures to protect themselves. Simmers v. Bentley Constr. Co. (1992), 64 Ohio St.3d 642,644. Hence, the open and obvious doctrine is determinative of the threshold issue of the plaintiffs' prima facie case, the existence of the defendants' duty.
This court has previously affirmed the allowance of summary judgment in cases where there was no doubt that a dangerous condition was "open and obvious." For example, in Anderson v. Ruoff (1995), 100 Ohio App.3d 601, we held that the precipice of a hayloft is an open and obvious danger that a reasonable person would discern and avoid. E.g. Estate of JosephPrest v. Delta Delta Delta Sorority (Nov. 21, 1996), Franklin App. No. 96APE04-523, unreported, holding that the edge of a second story roof also constitutes an open and obvious danger.
Having carefully reviewed the evidence contained in the record, we agree with the trial court that reasonable minds could only conclude that the fence was not a latent or hidden defect. Like the edge of the hayloft in Anderson, or the roof in Prest, the large white fence was not hidden or obscured, but was present for all to see. Indeed, Ms. Kirk admits that she observed the fence, knew where it was located, and in fact walked toward and stood within inches of it while she completed a raffle ticket. In this case there is no factual question as to whether the fence over which Ms. Kirk tripped was "open and obvious." Plainly, the white fence lay within clear view.
In an effort to keep their claim viable, plaintiffs argue that some dangers are not as "open and obvious" as one might believe, and that as a result, the nature of the danger then becomes a question of fact for the jury to resolve. Plaintiffs' claim that the commotion of the auction was of a sufficiently distracting nature, that it relieved her of the reasonable person standard and required defendants to warn or protect her from the possibility of walking into, or tripping over the fence. However, unlike the cases relied upon by the plaintiffs, in this case we are presented with a very ordinary appreciation, i.e., you might fall and/or injure yourself if you walk into or trip over a fence. We rejected a similar question in Prest, supra, holding that "[o]ne cannot * * * defeat the duty owed by the owner or tenant of a premises to an invitee of an open and obvious danger. An `open and obvious' danger is just that, a danger which a reasonable person would appreciate on his own and avoid." Id.
In light of the foregoing, we hereby overrule the plaintiffs' assignment of error and affirm the judgment of the Franklin County Court of Common Pleas granting summary judgment to defendants.
BROWN and TYACK, JJ., concur.