OPINION
{¶ 1} Syble C. Henry appeals from the trial court's entry of summary judgment in favor of the appellees on her negligence complaint.
 {¶ 2} In her sole assignment of error, Henry contends the trial court erred in entering summary judgment because genuine issues of material fact exist as to whether a cement block that caused her to trip constituted an "open and obvious" hazard and whether Dollar General was negligent in using the block to hold open an exit door.
 {¶ 3} The present appeal stems from injuries that Henry sustained on June 30, 1999, while shopping at a Dollar General store. Shortly after entering the store to purchase vitamins, Henry decided that it was too hot to shop. As a result, she turned a corner and exited through a door other than the one she had used to enter. Upon doing so, she tripped over a cement block that was being used to hold open the exit door. The block extended at least eight inches from the left side of the doorway, and the right side of the doorway was partially blocked by a display of mops and brooms sticking out of a trash can. Henry was distracted by an eye-level merchandise display as she was exiting, and she did not see the cement block. It is undisputed that she would have seen the block, however, if she had looked down. Henry's fall occurred at approximately 1:00 p.m. At that time, the sun was shining outside, and the store was lighted inside. Henry had been to the same Dollar General store on other occasions, and the exit door had not been propped open.[1]
 {¶ 4} Based upon the foregoing facts, the trial court entered summary judgment in favor of the appellees. In its May 2, 2002, ruling, the trial court concluded that the cement block was an open and obvious hazard. As a result of that finding, the trial court held that the appellees had no duty to warn Henry of its presence or to protect her from a fall. On appeal, Henry argues that the block was not an open and obvious danger and that the appellees were negligent in placing the block in her path. In response, the appellees insist that the trial court correctly found the cement block to be an open and obvious hazard.
 {¶ 5} Our review of the trial court's decision to grant summary judgment against Henry is de novo. Helton v. Scioto Cty. Bd. of Commrs.
(1997), 123 Ohio App.3d 158, 162. Rule 56(C) of the Civil Rules provides that summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. Zivich v. Mentor SoccerClub, Inc., 82 Ohio St.3d 367, 369-370, 1998-Ohio-389.
 {¶ 6} As noted above, the trial court entered summary judgment against Henry solely on the basis that she could not establish the existence of a duty on the part of the appellees with respect to the cement block, as it constituted an open and obvious hazard.[2]
Consequently, the central issue on appeal is whether reasonable minds could differ about whether the block constituted an open and obvious hazard from which the appellees had no duty to protect her.
 {¶ 7} The parties agree that Henry was a business invitee of Dollar General, which therefore owed her a duty to exercise ordinary care in maintaining its premises in a reasonably safe condition, in order to insure that she was not unnecessarily and unreasonably exposed to danger. Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203. Although Dollar General is not an insurer of its invitees' safety, it must warn them of latent or concealed dangers if it knows or has reason to know of the hidden dangers. Jackson v. Kings Island (1979),58 Ohio St.2d 357, 359. On the other hand, Dollar General has no duty to protect a business invitee such as Henry from dangers "[that] are known to such invitee or are so obvious and apparent to such invitee that [s]he may reasonably be expected to discover them and protect [her]self against them." Paschal, supra. In other words, an owner or occupier of property owes no duty to warn invitees of hazardous conditions that are open and obvious. Simmers v. Bentley Constr. Co.,64 Ohio St.3d 642, 644,1992-Ohio-42. "The rationale behind the [open-and-obvious] doctrine is that the open and obvious nature of the hazard itself serves as a warning." Id. at 644. The open-and-obvious doctrine concerns the first element of negligence, whether a duty exists. Sidle v. Humphrey (1968),13 Ohio St.2d 45, paragraph one of the syllabus. Therefore, the open-and-obvious doctrine obviates any duty to warn of an obvious hazard and bars negligence claims for injuries related to the hazard.[3]
 {¶ 8} Viewing the evidence and all reasonable inferences drawn therefrom in a light most favorable to Henry, we find that reasonable minds may disagree about whether the cement block at issue in the present case was an open and obvious hazard. In reaching this conclusion, we first reject the appellees' assertion that whether a condition constitutes an open and obvious hazard is always a question for the court, rather than a jury, to decide. In support of this proposition, the appellees cite McKay v. 840 Lounge, Inc. (March 28, 2000), Franklin App. No. 99AP-873. In that case, the Tenth District did state that "the issue of whether a condition is open and obvious is not a factual question for the jury to decide." The McKay court supported this broad proposition with a citation to the Tenth District's earlier opinion in Anderson v.Ruoff (1995), 100 Ohio App.3d 601, 605. In Anderson, however, the Tenth District merely held that, under the facts before it, the issue of whether a condition was open and obvious was not for the jury to decide, as reasonable minds could reach only one conclusion. The Anderson court did not suggest that the issue of whether a condition constitutes an open and obvious hazard never can present a jury question.
 {¶ 9} Moreover, in Bumgardner v. Wal-Mart Stores, Inc. (Dec. 13, 2002), Miami App. No. 2002-CA-11, 2002-Ohio-6856, we recently reversed the entry of summary judgment and held that whether a pallet loaded with merchandise was an open and obvious danger involved a genuine issue of material fact for the trier of fact to resolve at trial. See also Nasrv. Careserve (October 24, 2002), Muskingum App. No. CT2002-0019, 2002-Ohio-5871 (finding a genuine issue of material fact as to whether a pothole constituted an open and obvious danger); Walters v. City of Eaton
(March 25, 2002), Preble App. No. CA2001-06-012, 2002-Ohio-1338 (finding a genuine issue of material fact as to whether a gap between a manhole cover and asphalt constituted an open and obvious danger).
 {¶ 10} In its opinion sustaining the appellees' motion for summary judgment, however, the trial court opined that the existence of a duty is a question of law for the court to decide, and reasoned that the open-and-obvious doctrine implicates the existence of a duty. Therefore, the court concluded that it, rather than a jury, must decide whether the cement block at issue constituted an open and obvious danger. Upon review, we find the trial court's reasoning to be unpersuasive. We agree that the existence of a duty is a question of law for a court to decide.Mussivand v. David (1989), 45 Ohio St.3d 314, 318. As a result, whether a business owner owes a duty of care to protect customers against an open and obvious danger is for a court, not a jury, to resolve. Whether a given hazard is open and obvious, however, may involve a genuine issue of material fact, which a trier of fact must resolve.
 {¶ 11} For example, in the present case, the answer to the question of law regarding the existence of a duty on the part of the appellees depends on the resolution of a genuine issue of material fact, namely whether the cement block at issue constituted an open and obvious hazard. Given that reasonable minds could disagree about whether the cement block presented an open and obvious danger, a trier of fact must resolve that question. Once it has been determined by a trier of fact that the cement block did or did not constitute an open and obvious danger, then the trial court may resolve the remaining question of law, to wit: whether Dollar General owed Henry a duty to warn her of the cement block or to remove the danger. Only if the record revealed no genuine issue of material fact as to whether the cement block constituted an open and obvious danger would it be appropriate for the trial court to resolve that issue as a matter of law.[4]
 {¶ 12} The trial court's reasoning in the present case runs contrary to the analysis set forth in Qualchoice and the other cases cited above, which we find to be instructive by analogy. Under the trial court's reasoning, duty is always a question of law for a court to decide, and since the duty owed to an individual turns on his status as an invitee or licensee, such status also always would be a question of law for a court to resolve. In our view, however, the duty owed to an invitee or a licensee is always a question of law for a court to decide, but whether an individual qualifies as an invitee or a licensee is for a trier of fact to decide if it requires the resolution of a genuine issue of material fact. Likewise, as we have explained supra, the duty owed by a business owner to protect its customers from an open and obvious danger is always a question of law for a court to decide. But whether the cement block at issue in the present case qualifies as an open and obvious danger is a question of fact about which reasonable minds could disagree and, therefore, it is for a jury to decide.
 {¶ 13} Turning now to the evidence before us, we believe reasonable minds might find that the cement block at issue was not an open and obvious hazard. The record reflects that Henry entered the Dollar General store, turned left around a corner, and exited though a different door. She encountered the cement block only two or three steps after turning the corner. In addition, a trash can full of mops and brooms had been placed next to the exit door, opposite the cement block, and the mops and brooms were "sticking out" and partially blocking the doorway. The trial court also found, and the record suggests, that Henry may have been distracted by an eye-level merchandise display as she exited the store.
 {¶ 14} Viewing the foregoing facts in a light most favorable to Henry, reasonable minds might conclude that Dollar General placed the block in a location where customers could be expected to turn or change direction, thereby limiting their opportunity to see the block and avoid it. Reasonable minds also might find that Dollar General caused customers to encounter the block while attempting to avoid the trash can full of mops and brooms on the opposite side of the doorway. Likewise, reasonable minds might conclude that Dollar General increased the risk of customers not seeing the cement block by placing merchandise nearby at eye level, thereby creating a distraction. Therefore, under the facts of the present case, we cannot say, as a matter of law, that the cement block constituted an open and obvious danger. Cf. Bumgardner v. Wal-MartStores, Inc. (Dec. 13, 2002), Miami App. No. 2002-CA-11, 2002-Ohio-6856 (finding a genuine issue of material fact as to whether a pallet constituted an open and obvious danger when it was located near merchandise, possibly partially obscured, and placed in an area where customers could be expected to turn or change directions); Walters v.City of Eaton (March 25, 2002), Preble App. No. CA2001-06-012, 2002-Ohio-1338 (recognizing that attendant circumstances may create a genuine issue of material fact as to whether a danger was open and obvious); see also Grossnickle v. Village of Germantown (1965),3 Ohio St.2d 96, at paragraph three of the syllabus ("Whether the care and attention ordinarily required of a pedestrian . . . is diverted . . . so as to excuse her from observing a hazard, which she otherwise would have the duty to see . . . is a question for the jury.").
 {¶ 15} In opposition to the foregoing conclusion, the appellees cite several cases in which this court and others have found summary judgment to be appropriate on the basis of the open-and-obvious doctrine. According to the appellees, the cement block in the present case created an equally open and obvious danger as the hazards at issue in the cases they cite. As a result, the appellees insist that the trial court properly entered summary judgment in their favor.
 {¶ 16} Having reviewed the cases upon which the appellees rely, we cannot agree. As an initial matter, we note that whether a danger is open and obvious requires an extremely fact-specific inquiry. Consequently, comparing the facts of a given case with other cases is of limited value. Miller v. Beer Barrel Saloon (May 24, 1991), Ottawa App. No. 90-OT-050 ("The determination of the existence and obviousness of a danger alleged to exist on a premises requires a review of the facts of a particular case."). In any event, we find the present case to be distinguishable from those cited by the appellees.
 {¶ 17} In Norman v. BP America, Inc. (Nov. 4, 1997), Franklin App. No. 97APE06-790, for example, the plaintiff tripped and fell over a six-inch by two-inch wooden wedge used to hold open a door. The appellate court found, as a matter of law, that the wedge constituted an open and obvious danger. Notably, however, nothing in the court's opinion suggests that the plaintiff encountered the wedge immediately upon turning a corner, that the defendant partially obstructed the doorway, or that the defendant distracted the plaintiff with a merchandise display. Likewise, in Lucas v. Coles Drug, Inc. (December 17, 1992), Miami App. No. 92 CA 12, this court held that a six-inch to eight-inch drop between two adjacent parking lots was an open and obvious danger. As a result, we affirmed the entry of summary judgment against the plaintiff, who stepped from the drop-off and fell upon exiting her car. Once again, however, nothing in our opinion suggests that the defendant did anything to prevent the plaintiff from observing the drop. In contrast, the facts in the present case suggest that Dollar General placed the cement block in a location where customers could be expected to turn or change direction, caused customers to walk close to the block to avoid the trash can full of mops and brooms, and increased the risk of customers not seeing the cement block by placing distracting merchandise nearby at eye level. Finally, in Gillentine v. Econo Lodge/Beavercreek (July 2, 1998), Greene App. No. 97 CA 136, we held that the danger of slipping in a wet bathtub is open and obvious. In that case, a hotel guest slipped and fell while showering. Upon review, we see almost no factual similarity betweenGillentine and the present case. As a result, we remain convinced that the trial court erred in entering summary judgment in favor of the appellees, notwithstanding their argument to the contrary.
 {¶ 18} Based on the reasoning and citation of authority set forth above, we sustain Henry's assignment of error, reverse the trial court's judgment, and remand this cause for further proceedings consistent with this opinion.
 {¶ 19} Judgment reversed and cause remanded.
GRADY, J., and YOUNG, J., concur.
[1] The facts set forth in this opinion have been taken from Henry's November 30, 2001, deposition. For purposes of our analysis herein, we have construed those facts and all reasonable inferences drawn therefrom in a light most favorable to Henry, who was the non-movant with respect to the appellees' motion for summary judgment.
[2] "The existence of a duty is fundamental to establishing actionable negligence, without which there is no legal liability." Adelman v.Timman (1997), 117 Ohio App.3d 544, 549.
[3] The appellees vigorously argue that the Ohio Supreme Court's decision in Texler v. D.O. Summers Cleaners and Shirt Laundry Co.,81 Ohio St.3d 677, 1998-Ohio-602, did not abrogate the open-and-obvious doctrine as a complete bar to recovery in negligence claims. We addressed this issue at length in Bumgardner v. Wal-Mart Stores, Inc. (Dec. 13, 2002), Miami App. No. 2002-CA-11, 2002-Ohio-6856. Based on the reasoning set forth in Bumgardner, we agree with the appellees that the open-and-obvious doctrine remains viable, relates to the duty prong of a negligence claim, and acts as a complete bar to recovery.
[4] This reasoning is made clearer by considering the analogous situation of the varying duties owed by a landowner to those entering on his land. It is well-settled that a landowner's duty varies depending on the legal status of a person who comes upon his property. Although duty is a question of law for a court to decide, the Ninth District has recognized that whether an individual is a licensee or an invitee may involve a genuine issue of material fact for a jury to resolve: "When the plaintiff's status, i.e. licensee or invitee, depends on the resolution of conflicting evidence, it is a question for the finder of fact; however, in a case where the relevant facts are undisputed, the determination of the plaintiff's status is a legal question for the court." Qualchoice,Inc. v. Yost Const. Co., Inc. (Jan. 5, 2000), Loraine App. No. 98CA007224, citing Wiley v. National Garages, Inc. (1984),22 Ohio App.3d 57, 62; see also Wanko v. Downie Productions, Inc. (10th Dist. Aug. 24, 2000), 2000 WL 1199235 (same); Keesecker v. C.M. KelveyCo. (1943), 141 Ohio St. 162 (recognizing that a jury question exists when reasonable minds might draw different conclusions about whether an individual was a trespasser or a licensee).