[Cite as *Johnson v. Madison Corr. Inst.*, 2011-Ohio-1770.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

BILLY JOHNSON

     Plaintiff

     v.

MADISON CORR. INST.

     Defendant

     Case No. 2010-08179-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Billy Johnson, an inmate incarcerated at defendant, Madison Correctional Institution (MaCI), filed this action alleging he suffered a slip and fall injury as a proximate cause of negligence on the part of defendant in failing to clear a walkway at MaCI of snow and ice. Plaintiff advised he suffered a fractured shoulder when he "fell on the ice covered with snow on Dec 28, 2009 about 1:00 returning from chow." Plaintiff noted he did not receive any treatment for his shoulder injury until January 5, 2010, eight days after the incident. Plaintiff related he has been "in constant pain" since the injury event and "lost the use of my right arm" preventing him from working at his assigned prison job. Plaintiff maintained, "[t]his place (MaCI) was negligent not clearing the walk ways til two other men fell." In his complaint, plaintiff requested damages in the amount of $2,000.00 for pain and suffering due to his shoulder injury plus work loss when he was forced to take a cut in state pay when he could not return to his previous higher paying job.[1] Plaintiff provided witness statements

---

[1] State pay loss is not a compensable element of damages in regard to prisoners. See *Cotten v. Dept. of Rehab. and Corr.* (1993), 92-02013-AD, jud; *Platz v. Noble Correctional Institution* (2001), 2001-

from fellow inmates attesting to the fact plaintiff slipped and fell on a natural accumulation of ice and snow on a walkway at MaCI on December 28, 2009. Plaintiff was not required to pay a filing fee to prosecute this action.

**{¶ 2}** Defendant acknowledged plaintiff was owed a duty of reasonable care to protect him from unreasonable risks of harm. See *Wysong v. Ohio Reformatory for Women*, Ct. of Cl. No. 2003-08304, 2004-Ohio-4575. However, defendant argued under the facts of the instant claim, plaintiff has failed to produce evidence to prove his slip and fall injury was the result of defendant's breach of any duty of care owed to him. Defendant related it "made every reasonable effort to clear snow and ice from its premises" on December 27, 2009 and December 28, 2009. According to submitted records, defendant engaged eleven inmate groundskeepers to clear snow and ice from MaCI grounds on the morning of December 28, 2009. Furthermore, defendant related MaCI "overtime records (copies submitted) indicate that Defendant called into work six additional maintenance workers during the two-day period, December 27 and December 28, for the purpose of clearing snow on Defendant's premises." Defendant denied having any knowledge of "icy conditions on the walkway" where plaintiff fell.

**{¶ 3}** Plaintiff filed a response asserting defendant made no effort to clear snow and ice from inmate housing unit areas on December 28, 2009. Plaintiff related snow and ice removal efforts were confined to areas around administration buildings on that date. Plaintiff recalled the icy area where he slipped and fell was "covered with 4" of snow." Plaintiff reiterated he fell on an icy snow covered area where no attempt had been made to remove any snow or ice.

**{¶ 4}** To establish a cause of action for negligence, a plaintiff must show the existence of a duty, breach of that duty, and an injury proximately caused by the breach. *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.*, 81 Ohio St. 3d 677, 680, 1998-Ohio-602, 693 N.E. 2d 271. Generally, under Ohio law, premises liability is dependent upon the injured person's status as an invitee, licensee, or a trespasser, *Gladon v. Greater Cleveland Regional Transit Auth.* (1996), 75 Ohio St. 3d 312, 315, 1996-Ohio-137, 662 N.E. 2d 287. However, with respect to custodial relationships between the

02210-AD; *Myers v. Southern Ohio Correctional Facility* (2006), 2005-10063-AD, jud; *Johns v. Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2006-07724-AD, 2007-Ohio-3748; *Thayer v. Ohio State Penitentiary*, Ct. of Cl. No. 2007-06730-AD, 2008-Ohio-3417. Plaintiff's claim for state pay loss is denied and the issue shall not be further addressed.

state and its inmates, the state has a duty to exercise reasonable care to prevent prisoners in its custody from being injured by dangerous conditions about which the state knows or should know. *Moore v. Ohio Dept. of Rehab. & Corr.* (1993), 89 Ohio App. 3d 107, 112, 623 N.E. 2d 1214. Though prison officials are not insurers of an inmate's safety, they generally owe inmates a duty of reasonable care and protection from harm. *Williams v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 04-1193, 2005-Ohio-2669, ¶8, citing *Briscoe v. Ohio Dept. of Rehab. & Corr.*, Franklin App. No. 02AP-1109, 2003-Ohio-3533. Nonetheless, "under the 'open and obvious' doctrine, an owner or occupier of property owes no duty to warn * * * of open and obvious dangers on the property. * * * The rationale behind the doctrine is that the open and obvious nature of the hazard itself serves as a warning, and that the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measurers to protect themselves." (Citations omitted.) Id., citing *Duncan v. Capital South Comm. Urban Redevelopment Corp.*, Franklin App. No. 02AP-653, 2003-Ohio-1273, ¶27, quoting *Anderson v. Ruoff* (1995), 100 Ohio App. 3d 601, 604, 654 N.E. 2d 449, appeal not allowed, 73 Ohio St. 3d 1414, 651 N.E. 2d 1311. The "open and obvious doctrine," where warranted, may be applied in actions against the ODRC with the result that ODRC would owe no duty to an injured inmate. Id.

{¶ 5} There is no duty on the part of a premises owner, such as defendant, to warn or protect a person such as plaintiff of a hazardous condition, under circumstances where the condition is so obvious and apparent that the plaintiff should reasonably be expected to discover the danger and protect himself from it. *Parsons v. Larson Co.* (1989), 57 Ohio App. 3d 49, 566 N.E. 2d 698; *Blair v. Ohio Department of Rehabilitation and Correction* (1989), 61 Ohio Misc. 2d 649, 582 N.E. 2d 673. This rationale is based on principles that an open and obvious danger is itself a warning and the premises owner may expect persons entering the premises to notice the danger and take precautions to protect themselves from such dangers. *Simmers v. Bentley Constr. Co.* (1992), 64 Ohio St. 3d 642, 1992-Ohio-42, 597 N.E. 2d 504. The open and obvious doctrine is determinative of the threshold issue, the landowner's duty. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573, at ¶13. If an alleged hazard is open and obvious, whether plaintiff can prove the elements of negligence other than duty is superfluous. *Horner v. Jiffy Lube Internatl., Inc.* Franklin App. No.

01AP-1054, 2002-Ohio-2880, at ¶17.

**{¶ 6}** Furthermore, a landowner ordinarily owes no duty to a person, such as plaintiff, to remove accumulations of ice and snow on the premises or to warn him of dangers associated with these natural accumulations. See *Brinkman v. Ross*, 68 Ohio St. 3d 82, 1993-Ohio-72, 623 N.E. 2d 1175. Everyone is assumed to appreciate the risks presented by such snow and ice accumulations and consequently everyone is expected to bear responsibility for protecting himself from such risks presented by natural accumulations of ice and snow. *Brinkman.*

**{¶ 7}** "In a climate where the winter brings frequently recurring storms of snow and rain and sudden and extreme changes in temperature, these dangerous conditions appear with a frequency and suddenness which defy prevention and, usually, correction. Ordinarily they would disappear before correction would be practicable. . . To hold that a liability results from these actions of the elements would be the affirmance of a duty which it would often be impossible, and ordinarily impracticable . . . to perform." *Norwalk v. Tuttle* (1906), 73 Ohio St. 242, 245, 76 N.E. 617, as quoted in *Sidle v. Humphrey* (1968), 13 Ohio St. 2d 45, 49, 42 O.O. 2d 96, 233 N.E. 2d 589.

**{¶ 8}** Consequently, plaintiff cannot recover damages from defendant based on any failure to remove natural accumulations of ice and snow. Therefore, plaintiff's claim is denied.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us


BILLY JOHNSON

Plaintiff

v.

MADISON CORR. INST.

Defendant

Case No. 2010-08179-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Billy Johnson, #247-335              Gregory C. Trout, Chief Counsel
1851 State Route 56                  Department of Rehabilitation
London, Ohio  43140                  and Correction
                                     770 West Broad Street
                                     Columbus, Ohio  43222

RDK/laa
11/17
Filed 1/21/11
Sent to S.C. reporter 4/8/11