OPINION
{¶ 1} Plaintiffs-appellants Miriam and Irwin Stuhr appeal from the decision and judgment entry of the Franklin County Court of Common Pleas granting summary judgment in favor of defendants-appellees Anthony's Hair Fashion, Diana Johns and Valerie Dooley (hereinafter collectively "appellees"). For the reasons which follow, we affirm the judgment of the trial court.
 {¶ 2} Appellees Diana Johns and Valerie Dooley were the owners of Anthony's Hair Fashion (hereinafter "salon"). They purchased the salon in late 1999 from the previous owner, Anthony Disabato. Gloria McIntyre worked as a stylist at the salon for many years while Mr. Disabato was the owner. She continued working at the salon after Ms. Johns and Ms. Dooley purchased it. Ms. McIntryre was an independent contractor who rented space from appellees.
 {¶ 3} On January 6, 2000, plaintiff-appellant Miriam Stuhr (hereinafter "appellant") was a patron and business invitee of the salon. Appellant kept her appointment that day with Ms. McIntyre who has styled appellant's hair weekly for approximately 21 years.
 {¶ 4} Upon entering the salon, appellant observed a problem with the metal molding where the carpeting met the tile or linoleum. She mentioned it to Ms. McIntyre at the beginning of her appointment. At the conclusion of her appointment, appellant retrieved her coat from the coat rack and was walking out the door to leave. She turned to say "good-bye" to Ms. McIntyre and tripped over the metal molding she previously observed. Appellant fell and injured her right hip.
 {¶ 5} On December 31, 2001, appellant filed a complaint against appellees seeking damages for her injuries. Appellant maintained appellees were negligent and breached their duty to maintain a safe business premises for patrons, business invitees and other visitors by failing to cause timely repairs to be made to the known hazard of the loose metal molding near the entrance of the salon.
 {¶ 6} On June 14, 2002, appellees filed a motion for summary judgment which the trial court granted January 7, 2003. The trial court concluded appellees did not owe appellant a duty to warn of the alleged danger caused by the metal molding as it was an open and obvious danger. The trial court filed its judgment entry on February 13, 2003.
 {¶ 7} Appellant timely appeals and asserts the following assignments of error:
I. The trial court erred in granting summary judgment when genuine issues of material fact existed regarding the cause of appellant's fall.
II. The trial court erred in ruling that an `open and obvious' hazard absolves a property owner of all obligations to protect business invitees and maintain their property. The court further erred in removing the issue of comparative negligence from the jury's consideration by granting summary judgment.
 {¶ 8} Appellate review of summary judgment motions is de novo. Helton v. Scioto Cty. Bd. of Commrs. (1997),123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court."Mergenthal v. Star Banc Corp. (1997), 122 Ohio App.3d 100, 103. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates the following: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State exrel. Grady v. State Emp. Relations Bd. (1997),78 Ohio St.3d 181, 183. In the summary judgment context, a "material" fact is one that might affect the outcome of the suit under the applicable substantive law. Turner v. Turner (1993),67 Ohio St.3d 337, 340. When determining what is a "genuine issue," the court decides if the evidence presents a sufficient disagreement between the parties' positions. Id.
 {¶ 9} Further, when a motion for summary judgment has been supported by proper evidence, the nonmoving party may not rest on the mere allegations of the pleading, but must set forth specific facts, by affidavit or otherwise, demonstrating that there is a genuine triable issue. Jackson v. Alert Fire Safety Equip.,Inc. (1991), 58 Ohio St.3d 48, 52. If the nonmoving party does not demonstrate a genuine triable issue, summary judgment shall be entered against that party. Civ.R. 56(E).
 {¶ 10} In her first assignment of error, appellant argues the trial court's granting of summary judgment was improper as a genuine issue of fact exists as to the cause of her fall. Appellant maintains the metal molding was the cause of her fall. However, Ms. Johns contends appellant was pulling and yanking her coat off the coat rack when the coat rack fell down on her causing appellant to fall back against the door. As we will assume for the purpose of summary judgment, the metal molding was the cause of appellant's fall, appellant's first assignment of error is overruled.
 {¶ 11} Appellant's second assignment of error is twofold. First, appellant contends the trial court erred in concluding the open and obvious nature of the hazard obviated appellees of their obligation to protect appellant and maintain their property. Second, appellant asserts the trial court erred in removing the issue of comparative negligence from the trier of fact.
 {¶ 12} To prevail upon her claim of negligence, appellant is required to prove by a preponderance of the evidence appellees owed her a duty of care, they breached that duty, and the breach proximately caused her injuries. Strother v. Hutchinson (1981),67 Ohio St.2d 282. "Under the law of negligence, a defendant's duty to a plaintiff depends upon the relationship between the parties and the foreseeability of injury to someone in the plaintiff's position." Simmers v. Bentley Constr. Co. (1992),64 Ohio St.3d 642, 645.
 {¶ 13} The parties agree appellant was a business invitee of appellees. "[B]usiness invitees are those persons who come upon the premises of another, by invitation, express or implied, for some purpose which is beneficial to the owner." Baldauf v. KentState Univ. (1988), 49 Ohio App.3d 46, 47. An owner or occupier of premises owes a business invitee a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger. Paschal v. Rite Aid Pharmacy, Inc. (1985),18 Ohio St.3d 203. However, a business owner is not an insurer of a customer's safety. Id.
 {¶ 14} An owner or occupier of property owes no duty to warn invitees of open and obvious dangers on the property. Simmers,supra. at 644 citing Sidle v. Humphrey (1968),13 Ohio St.2d 45. Additionally, there is no duty to repair an open and obvious danger. Herman v. BP Exploration Oil Inc.
(Mar. 17, 1995), Lucas App. No. L-94-300, citing Sidle, supra. The justification behind the "open and obvious" doctrine is "the open and obvious nature of the hazard itself serves as a warning, and that the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." Anderson v. Ruoff (1995),100 Ohio App.3d 601, 604, citing Simmers, supra. "Open and obvious" hazards are neither hidden or concealed from view nor nondiscoverable by ordinary inspection. Parsons v. Lawson Co.
(1989), 57 Ohio App.3d 49, 50-51. "The determination of the existence and obviousness of a danger alleged to exist on a premises requires a review of the facts of the particular case."Miller v. Beer Barrel Saloon (May 24, 1991), Ottawa App. No. 90-OT-050. If there is no duty, the premises owner cannot be negligent. Anderson, supra.
 {¶ 15} In the current case, appellant testified she went to the salon weekly to have her hair done by Ms. McIntyre. Moreover, she explicitly stated she observed the condition of the metal molding upon entering the salon on January 6, 2000:
Q. * * * Had anyone ever mentioned to you that there was a problem with the flooring?
A. Well, I mentioned it to Gloria when I went in. She said that she had heard there was a problem with that.
Let's back up then. Are you telling me that when you first arrived at the shop that day, you saw something wrong with the floor?
I thought I did, yes, and then I went on in and I told Gloria.
Q. You specifically recall that after you arrived that day to have your hair done, that you walked up to Gloria and said, "There is a problem with the floor"?
A. I may have worded it different, but I thought — I believe that I did.
Q. This was before you fell?
A. It was that same day.
Q. Was this the same area of the flooring that you are contending in this lawsuit that caused you to fall?
A. Yes, I am.
Q. So it was something that, at least, when you walked up, in [sic] was open and obvious and apparent to you?
A. Yes. I saw this.
* * *
What did it look like, this defective area you are trying to describe?
A. Well, it was raised, something that was there that was raised. I wondered if it was a screw or however — or whatever had it done.
Q. You could definitely see it?
A. I did.
Q. Was it something that was indented or blatant —
A. No.
Q. — or something that was not obvious?
A. Well, it was to me; I just saw it.
Q. Okay. Something that if one is watching where they are walking, the could see it?
A. I believe so.
(Deposition of appellant at 8-10.)
 {¶ 16} As stated above, we accept for the purpose of summary judgment appellant's contention the metal molding was the cause of appellant's fall. However, appellant clearly admitted the alleged condition of the metal molding was an open and obvious danger. It was neither hidden nor concealed from view and discoverable upon ordinary inspection. Thus, while we are sympathetic to appellant's injuries and their lasting effects, under these facts, appellees did not owe appellant a duty to warn or repair.
 {¶ 17} Next, appellant contends the Ohio Supreme Court's opinion in Texler v. D.O. Summers Cleaners Shirt Laundry Co.
(1998), 81 Ohio St.3d 677, prevents the "open and obvious" doctrine from barring recovery without a comparative negligence analysis. However, in Armstrong v. Best Buy Co., Inc.,99 Ohio St.3d 79, 2003-Ohio-2573, the Ohio Supreme Court rejected the argument advanced by appellant. "The open-and-obvious doctrine remains viable in Ohio. Where a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises." Id., paragraph one of the syllabus.
 {¶ 18} Accordingly, appellant's first and second assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BOWMAN and BROWN, JJ. concur.